Jerry REECE, Plaintiff-Appellant,

v.

MISSOURI DELTA BANK, Defendant-Respondent.

No. 14154.

Missouri Court of Appeals, Southern District, Division One.

April 29, 1986.

James M. McClellan, Gilmore, Gilmore, Taylor & Burns, Sikeston, for plaintiff-appellant.

Michael B. Hazel, Hazel & Ford, Caruthersville, for defendant-respondent.

GREENE, Judge.

Plaintiff, Jerry Reece, appeals a judgment affirming a jury verdict in favor of defendant, Missouri Delta Bank (Delta). Reece had sued Delta, alleging tortious interference with a lease agreement between him and his tenant, Carl "Sawdust" Malin.

Cast in the light most favorable to the verdict, the facts are that on February 16, 1977, Juanita Raburn and her husband, William, borrowed $30,000 from Delta to purchase a cocktail lounge in Caruthersville, Missouri. The Raburns executed a note in that amount, bearing interest at 9¼ percent, payable in monthly installments of $486.50. The note provided that in the event of default in the payment of any monthly installment, Delta had the option of declaring the unpaid balance due, but that failure to exercise that option did not waive it. The note was secured by a deed of trust on the lounge real estate, fixtures and furniture, and on a parcel of residential real estate in Hayti, Missouri, which Juanita and William owned. The deed of trust required the Raburns to pay all taxes on the lounge property and to insure it for its full value.

Juanita and William operated the lounge until July of 1977, when William died. On September 30, Juanita entered into an agreement to sell the lounge to Reece. He paid her $5,000, and assumed the note, which had a balance of $28,747. Juanita gave Reece a deed to the lounge property, and advised Delta that Reece had bought the property and would assume the unpaid debt. Reece did not sign a loan assumption agreement or renegotiate the loan.

On January 15, 1979, Reece leased the lounge to Carl Malin for $500 a month, which amount Malin was to pay to Delta to reduce the loan on the lounge. Subsequently, Malin fell behind on his payments, failed to pay taxes on the real estate, and did not insure the premises for their full insurable value. In the spring of 1981, a bank officer informed Malin that it appeared likely that the bank would foreclose on the lounge, and asked if he would be interested in buying it. The officer also told Malin that the mortgage included the furniture and fixtures in the lounge. Malin told the bank officer he did not have adequate funds to buy the lounge.

By letter dated August 13, 1981, Delta advised Juanita, who had remarried and was living in Illinois, that the note was past due, and demanded payment in full. Juanita travelled to Delta's offices to discuss the loan. Juanita and Delta reached an agreement whereby the loan would be brought up-to-date by Juanita (approximately four delinquent payments), and Delta would extend the note at a higher rate of interest. Reece was advised of the extension agreement, which raised the monthly payment on the note to $600 a month. Reece eventually paid off the balance on the note.

In his petition, Reece alleged that Delta, acting through its agents, induced Malin to stop making rental payments pursuant to his lease by telling him he could buy the

lounge if Delta foreclosed on the property. Reece prayed for actual damages of $5,000 and punitive damages of $100,000. The cause was submitted to the jury on the theory that Delta intentionally caused Malin to breach his lease contract with Reece, justifying the award of actual and punitive damages. The jury returned a verdict for Delta.

In his first point relied on, Reece contends that the trial court erred by refusing to admit into evidence a letter from Delta's vice president advising Reece that due to the extension agreement signed by Juanita, the monthly note payments had been raised from $486.50 to $600 a month.

■ At trial, Delta objected that the letter was irrelevant and immaterial. The point relied on states that the letter was an admission against interest, and that the letter's content "was a material factor" in determining breach and amount of damages, but offers no explanation for either assertion, or tell wherein or why this was so. The point, as written, is violative of Rule 84.04(d) and preserves nothing for review. We are not obligated to search the transcript and argument portion of the brief to determine a point's meaning.

In his next point, Reece contends that the trial court erred in not submitting the issue of punitive damages to the jury because "the submission was supported by the evidence and in particular, the testimony of Melvin Wamock, president of the defendant bank."

■ The point does not say how such testimony supports a punitive damages submission, and, as observed in point one, preserves nothing for review. Also, since the jury found for Delta, it did not reach the issue of damages. Therefore, any alleged error in refusing the punitive damages instruction was immaterial. *Koenig v. Skaggs*, 400 S.W.2d 63, 68 (Mo.1966).

In his final claim of error, Reece asserts the trial court erred "by submitting a defective verdict form, MAI 36.11 Modified."

The point does not state what the defect is. The point states that the trial court should have submitted verdict form MAI 36.01, but the brief does not set out the language of MAI 36.01, does not explain how it differs from the verdict form used, or explain how the use of the modified form misled or confused the jury. As stated, the point preserves nothing for review. Even if it did, the verdict form submitted by the trial court was correct under the circumstances.

Reece submitted MAI 36.11 [1980 Revision] to the trial court as the verdict form to be used, which read as follows:

Note: Complete this form by writing in the name required by your verdict

On the claim of plaintiff Jerry Reece against defendant Missouri Delta Bank, we the undersigned jurors, find in favor of:

_____

(Plaintiff Jerry Reece) or (Defendant Missouri Delta Bank)

Note: Complete the following paragraph only if the above finding is in favor of plaintiff Jerry Reece.

We, the undersigned jurors, assess the damages of plaintiff, Jerry Reece as follows:

For actual damages $_____ (stating the amount).

For punitive damages $_____ (stating the amount or, if none, write the word, "none").

Note: All jurors who agree to the above findings must sign below.

The trial court amended the form by striking the reference to the punitive damages because there was no evidence to support such a submission, and gave the jury the amended verdict form.

■ There is nothing in the record to show Reece objected to use of the amended form. In fact, Reece concedes in his brief that the parties agreed to delete the punitive damages language. This being so, any claim that the form used was improper was waived.

■ While any deviation from a MAI instruction or verdict form is presumptively prejudicial, such presumption fails here, as the modification was proper under the circumstances. Verdict form MAI 36.01, which Reece insists should have been used, is to be used in personal injury cases only

and, in fact, does not differ in any significant detail from the form used.

We find no error in any action or ruling of the trial court that is complained of here.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.